

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Alton C. Arnold
County Attorney
Brazoria County
Angleton, Texas

Opinion No. O-7123

Re: Whether the Commissioners'
Court of Brazoria County may
appoint a Deputy Tax Assessor-
Collector of said county as
"Tax Valuation Expert"; and
related matters.

Dear Sir:

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matters. We quote from your letter as follows:

"The Commissioners' Court of Brazoria County, Texas, desires to appoint an officer which will be known as an 'evaluation expert' to work in conjunction with the County Tax Collector's Office and to pay him a definite salary for such services. It happens that the most desirable person, from the standpoint of qualifications and experience, is now employed in the County Tax Collector's Office and is a Deputy Assessor of taxes.

"(1) I am interested in knowing whether the law under Art. XVI, Section 40, of the Constitution of the State of Texas, and related statutes will permit a person to hold the office of 'evaluation expert' and receive a salary for that work and at the same time permit the same person to hold the office of Deputy Tax Assessor for pay?

"(2) If it is not permissible under the law for one person to hold both offices at the same time as I have above enumerated, then I would like to know whether a person holding the office of 'evaluation expert' can also hold the office of Deputy Tax Assessor at the same time, provided that he received no pay as Deputy Tax Assessor but that he be paid only as an 'evaluation expert'; in other words, is it permissible for a person to hold both offices provided he received no pay as Deputy Tax Assessor."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Alton C. Arnold - page 2

We understand from the above quoted letter that the Commissioners' Court contemplates the appointment of a Deputy Tax Assessor-Collector to fill the office of tax "valuation expert", and that you desire to know whether said Deputy may legally retain his position as Deputy, (with or without compensation in his capacity as Deputy) and, at the same time hold the office of tax "valuation expert". We point out here that a public office is created by the Constitution or by the statutes, and that no office can exist except by sanction of law. (See 34 Tex. Jur., Public Officers, pp. 326-327, Sec. 5, and cases cited thereunder). We know of no constitutional or statutory provision which would authorize the creation of the office of tax valuation expert in Brazoria County. We point out, however, that a contract of employment is to be distinguished from an office, for an office involves a delegation to the holder of some portion of the sovereign functions of the government, and the powers of the holder are conferred by law rather than by contract, while under a contract, the specific rights, powers and obligations of the parties are defined by agreement. (See 34 Tex. Jur., Public Officers, Sec. 3, pp. 324-325). In this connection, we point out that this department held in Opinion No. 0-6380 that the Commissioners' Court was authorized to enter into a contract with a tax valuation firm whereby said firm would furnish technical information, with respect to certain types of properties, for the use and benefit of the Board of Equalization in connection with its supervision, equalization and correction of assessments and renditions submitted to said Board by the Tax Assessor-Collector.

Should the Commissioners' Court contemplate entering into a contract with the Deputy Tax Assessor-Collector, whereby said Deputy, in his individual capacity, would furnish information for the use of the Board of Equalization in connection with its equalization of valuations contained in the assessments and renditions submitted to said Board by the Tax Assessor-Collector, we call your attention to the following statutory provisions:

Article 7252, Vernon's Annotated Civil Statutes, which, in part, provides:

"Art. 7252. Each Assessor and Collector of Taxes may appoint one or more deputies to assist him in the assessment and collection of taxes, and may require such bond from the person so appointed, as he deems necessary for his indemnity; and the Assessor and Collector of Taxes shall in all cases be liable and accountable for the proceedings and misconduct in office of his deputies; and the deputies appointed in accordance with the provisions of this Article shall do and perform

Honorable Alton C. Arnold - page 3

all the duties imposed and required by law of Assessors and Collectors of Taxes; and all acts of such deputies done in conformity with law shall be as binding and valid as if done by the Assessor and Collector of Taxes in person. . .";

Article 7211, V.A.C.S. which, in part, provides:

"Art. 7211. Hereafter when any person, firm or corporation renders his, their or its property in this State for taxation to any tax assessor, and makes oath as to the kind, character, quality and quantity of such property, and the said officer accepting said rendition from such person, firm or corporation of such property is satisfied that it is correctly and properly valued according to the reasonable cash market value of such property on the market at the time of its rendition, he shall list the same accordingly; but, if the assessor is satisfied that the value is below the reasonable cash market value of such property, he shall at once place on said rendition opposite each piece of property so rendered an amount equal to the reasonable cash market value of such property at the time of its rendition, and if such property shall be found to have no market value by such officer, then at such sum as said officer shall deem the real or intrinsic value of the property; and if the person listing such property or the owner thereof is not satisfied with the value placed on the property by the assessor, he shall so notify the assessor, and if desiring so to do make oath before the assessor that the valuation so fixed by said officer on said property is excessive; such officer to furnish such rendition, together with his valuation thereon and the oath of such person, firm or officer of any corporation, if any such oath has been made, to the commissioners' court of the county in which said rendition was made, which court shall hear evidence and determine the true value of such property on January First, 19___ (here give year for which assessment is made) as is herein provided. . .";

Article 7206, V.A.C.S., which, in part provides:

"Art. 7206. Each commissioners court shall convene and sit as a board of equalization on the second Monday in May of each year, or as soon thereafter as practicable before the first day of June, to receive all the assessment lists or books of the assessors of their counties for inspection, correction or equalization and approval.

"1. They shall cause the assessor to bring before them at such meeting all said assessment lists, books, etc., for inspection, and see that every person has rendered his property at a fair market value, and shall have power to send for

persons, books and papers, swear and qualify persons, to ascertain the value of such property, and to lower or raise the value on the same.

"2. They shall have power to correct errors in assessments.

"3. . . . .

"4. After they have inspected and equalized as nearly as possible, they shall approve said lists or books and return same to the assessors for making up the general rolls, when said board shall meet again and approve the same if same be found correct.

"5. . . . .

"6. The assessors of taxes shall furnish said board on the first Monday in May of each year, or as soon thereafter as practicable, a certified list of names of all persons who either refuse to swear or to qualify or to have signed the oath required by law, together with the assessment of said person's property made by him through other information; and said board shall examine, equalize and correct assessments so made by the assessor, and when so revised, equalized and corrected, the same shall be approved."

Under the provisions of Article 7252, supra, a Deputy Tax Assessor-Collector is granted full authority "to do and perform all the duties imposed and required by law of Assessors and Collectors of Taxes", and his acts "done in conformity with law are as binding and valid as if done by the Assessor and Collector of Taxes in person." Under the provisions of Article 7211, a Tax Assessor-Collector, or his Deputy, is authorized to list property at the rendered valuation when he is satisfied that said property has been properly valued; but if he is satisfied that the rendered value is below the correct and proper value of said property, he is required to place on said rendition the amount which he deems to be the correct and proper valuation of such property. Under the provisions of Section 6 of Article 7206, the Assessor-Collector, or his Deputy, is required to make an assessment and place a valuation upon all unrendered properties in the county and to furnish to the Board of Equalization, by a prescribed time, a certified list of owners of unrendered properties together with his assessment and valuation of such property. Under the provisions of Section 1 of Article 7206, the Assessor-Collector, or his Deputy, is required to submit all of his assessment lists to the Commissioners' Court for its inspection, correction and approval at the time said Court convenes as a Board of Equalization in the manner prescribed by said Article. Thus,

Honorable Alton C. Arnold - page 5

under the foregoing statutory provisions, the Tax Assessor-Collector, or his Deputy, has certain prescribed duties to perform, in his official capacity, with reference to the valuation of all rendered, as well as unrendered properties in the county.

In view of the foregoing statutory provisions, it is our opinion that the services which a Deputy Tax Assessor-Collector, would perform under a contract, whereby, in his individual capacity, he would furnish information as to the valuation of properties for the use and benefit of the Board of Equalization in its supervision and equalization of assessments and renditions, would be related to and connected with the duties above mentioned which he is authorized and required by law to perform in his official capacity.

We point out here that the compensation of a Deputy Tax Assessor-Collector in Brazoria County is governed by the applicable section of Article 3902, V.A.C.S. Furthermore, we call your attention to the following language contained in Section 53 of Article 3 of the Constitution of Texas:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of Law."

Although it has been held that the Commissioners' Court may lawfully enter into a contract with a county officer, in his individual capacity, to perform services for the county when said officer has no legal duty, in his official capacity, in connection with the services which he performs under such contract (Jones v. Beltman, 171 S.W. 287; Lattimore v. Tarrant County, 124 S.W. 205), we know of no provision authorizing a commissioners' court to enter into a contract with an officer to furnish information with respect to the valuation of properties, in his individual capacity, when the law authorizes and requires said officer, in his official capacity, to approve the valuations as rendered or to place what he considers to be a proper valuation upon such renditions, as well as to make an assessment and place a valuation upon unrendered properties, and to submit all of such lists of renditions and assessments to the Board of Equalization for its consideration. In view of the foregoing, it is our opinion that so long as the Deputy Tax Assessor-Collector retains his official position as such Deputy, the

Honorable Alton C. Arnold - page 6

Commissioners' Court would not be legally authorized to enter into a contract with said Deputy to perform the duties of tax valuation expert, regardless of whether or not he receives a salary as a Deputy. It is our further opinion that any agreement to pay said Deputy any amount as salary or otherwise, in excess of the maximum compensation prescribed by the applicable section of Article 3902, which covers all compensation allowed by law for all of the official services of such Deputy, including his services in connection with the valuation of properties for taxation, would constitute "extra compensation", and the payment to said officer of such extra compensation would be in violation of Article 3, Section 33 of the Constitution of Texas.

We trust that the above and foregoing will satisfactorily answer your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By: J. A. Ellis
    Assistant

APPROVED MAR 12, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

JA :djm

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN